UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JAMES E. BOLTZ, JR. | : | |
| Debtor | : | Bankruptcy No. 06-14623bif |
| JAMES E. BOLTZ, JR. | : | |
| Plaintiff | : | |
| v. | : | |
| LOUIS SCHILLINGER<br>UNITED SHORTLINE INSURANCE<br>SERVICES, INC. and<br>RAIL UNDERWRITING SERVICES<br>INC. | :<br><br>:<br><br>: | Adversary No. 06-0616 |
| Defendants | : | |

..................................................

MEMORANDUM

..................................................

The chapter 7 debtor, James E. Boltz, Jr., commenced an adversary proceeding against the three above-captioned defendants asserting that these defendants received a prepetition transfer and that transfer is avoidable as a preference pursuant to 11 U.S.C. §§ 522(g)(1), 522(h) and 547.  The defendants have filed a joint motion to dismiss this proceeding under Fed. R. Bankr. P. 7012 for failure to state a cause of action.  They contend, inter alia, that there was no transfer of the debtor's property within 90 days of the debtor's bankruptcy filing; and they maintain that, even if there were, the debtor could not exempt such property.

This motion was heard in conjunction with the defendants' objections to certain of the plaintiff/debtor's amended exemption claims. As will be seen, the two issues are related. By prior order dated January 25, 2007, one objection raised by the defendants was sustained. As a result, the debtor's exemption claims as to two real properties and a "pension plan" were disallowed. Due to that ruling, and for the following reasons, the instant adversary proceeding must be dismissed.

I.

A.

The debtor filed a voluntary petition in bankruptcy under chapter 7 on October 10, 2006. The debtor alleges in his complaint that the defendants commenced a Michigan state court lawsuit against him on May 26, 2004, docketed at No. 04-002490-CZ. Complaint, ¶¶ 2, 4. He further avers that "[o]n September 11, 2006, an Order was entered in the Michigan Case which imposed a constructive trust on certain property in which the Debtor, the defendant in that Case, was believed to own or have an interest." Complaint, ¶ 5. This state court order, according to the complaint, allegedly effected a transfer of property for the benefit of the defendants on account of their antecedent debt that would enable them to receive more than they would receive in a chapter 7 case. Complaint, ¶ 6.

2

The debtor also asserts that the chapter 7 trustee[1] has informed him that the trustee has no intention to avoid this purportedly preferential transfer, and that the debtor has claimed as exempt the property that was the subject of the September 11, 2006 state court order. Complaint, ¶¶ 10-11.

The defendants' motion to dismiss simply incorporates arguments made in an accompanying memorandum. This memorandum also includes the following attachments: Exhibit A is a copy of a "judgment on jury verdict" in Circuit Court for the County of Huron in the State of Michigan, dated April 20, 2006 in case No. 04-002490-CZ. Exhibit B is a copy of a "judgment on counts VIII to X of plaintiffs' first amended complaint" dated September 11, 2006, issued by the Michigan state court in case No. 04-002490-CZ. Exhibit B also includes the "plaintiffs' proposed findings of fact and conclusions of law" dated May 1, 2006, submitted in that same state court case and incorporated into the September 11th judgment. Exhibit C contains copies of various documents filed by the debtor in this chapter 7 bankruptcy case, including his bankruptcy schedules. Exhibit D is a copy of the debtor's amended schedule C—property claimed as exempt—filed in his chapter 7 bankruptcy case. Exhibit E is a copy of a deed to real property located at 31 Marshall Road, Glen Mills, Pennsylvania, along with a copy of a realty transfer tax form dated January 25, 2006. Exhibit F is a copy of a deed to a condominium unit in Bethany Beach, Delaware. And Exhibit G is a copy of a memorandum decision that was issued in this bankruptcy case in November 2006 concerning 11 U.S.C. § 362(c)(3).

---

[1]According to the docket in the bankruptcy case, the chapter 7 trustee is Howard Glassman, Esquire.

3

B.

As mentioned earlier, the defendants have sought to dismiss the chapter 7 debtor's preference complaint for failure to state a cause of action under Fed. R. Bankr. P. 7012. Federal Rule of Bankruptcy Procedure 7012(b) incorporates Fed. R. Civ. P. 12(b)-(h). It is well understood that in order to dismiss a claim for failure to state a cause of action under Rule 12(b)(6), the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of that claim which would entitle him to relief. E.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A trial court must accept as true all of the well-pleaded facts alleged in the complaint and any reasonable inferences therefrom. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gibson, 355 U.S. at 45-46.

> A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 . . . (1974).

In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1420 (3d Cir. 1997).

Even if a complaint is defective in failing to sufficiently plead a claim, leave to amend, rather than dismissal, may be appropriate. "[U]nless the facts alleged in the complaint clearly show that the plaintiff has no legitimate claim, courts ordinarily will allow the plaintiff leave to amend the complaint." 2 Moore's Federal Practice, § 12.34[5] at 12-77 (3d ed. 1999). However, where repleading could not correct the defects in a party's claim, a court should not grant leave to replead. See e.g., Alston v. Parker, 363

4

F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."); Peterson v. Philadelphia Stock Exchange, 717 F. Supp. 332, 337 (E.D. Pa. 1989); see generally Mosler v. M/K Ventures Int'l. Inc., 103 F.R.D. 385 (N.D. Ill. 1984); see also Massarsky v. General Motors Corp, 706 F.2d 111, 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983); Sarfaty v. Nowak, 369 F.2d 256, 259 (7th Cir. 1966), cert. denied, 387 U.S. 909 (1967) ("Rule 15(a) does not require a court to do a futile thing.").

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court is limited by the factual allegations made in the plaintiff's complaint. If the defendant raises facts in his motion that are outside those alleged in the complaint, consideration of those facts transposes the motion into one for summary judgment, entitling the plaintiff to notice thereof and the opportunity to respond. Thus, Rule 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Accordingly, if a court elects to consider documents or factual averments outside the allegations of the plaintiff's complaint, the court is usually converting a motion to dismiss for failure to state a claim to one for summary judgment. See, e.g., Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980). Moreover, "[o]nce a court converts a 12(b)(6) motion into a motion for summary judgment under Rule 56, a

party must be put on notice so it can exercise its right to oppose the granting of summary judgment." Castle v. Cohen, 840 F.2d 173, 179 (3d Cir. 1988); see 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed. 2003). And the decision to convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56 is subject to court discretion. See In re Campbell Soup Co. Securities Litigation, 145 F. Supp. 2d 574, 588 n.1 (D.N.J. 2001).

Here, as noted earlier, the defendants' motion to dismiss relies upon various exhibits that were attached. Two exhibits are central components of the complaint: the Michigan state court's September 11, 2006 decision with its supporting findings; and the debtor's amended schedule C reflecting his exemptions. The two deed exhibits, while not referred to by the debtor's complaint, were central to my ruling upholding the defendants' objection to the debtor's exemption claim as to those two properties and thus are central to the debtor's allegation regarding his bankruptcy exemptions.

In Pryor v. NCAA, 288 F.3d 548, 560 (3d Cir. 2002), the Circuit Court explained that a motion to dismiss under Rule 12(b)(6) can properly include documents attached by the defendant to its motion in limited circumstances:

> "[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered. *** Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court."

(quoting 62 Fed. Proc., L. Ed. § 62:508). In Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994), the Circuit Court elaborated upon this exception to the general

6

principle of only considering a complaint in resolving a motion to dismiss under Rule 12(b)(6):

> We previously left open whether a court may properly consider a concededly authentic document upon which the complaint is based when the defendant attaches such a document to its motion to dismiss. We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied. Our decision will not undermine the rationale underlying Rule 12(b)(6)'s requirement that a motion to dismiss be converted to a summary judgment motion if a court considers matters outside the pleadings. The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

(citations omitted); accord In re Rockefeller Center Properties, Inc. Securitites Litigation, 184 F.3d 280, 287 (3rd Cir. 1999); In re Beck, 272 B.R. 112, 114 n.1 (Bankr. E.D. Pa. 2002).

The debtor's complaint relies upon the September 11, 2006 Michigan state court adjudication, as well as his amended exemption claims, which exemptions include the two properties described in two deeds attached to defendants' motion. Therefore, in resolving the instant motion to dismiss, I shall consider the defendants' attachments consisting of the September 11th state court order with accompanying findings, and the debtor's amended schedule C filed with this court in deciding whether the debtor's complaint states a claim for avoidance of a preferential transfer. I shall also consider the effect, if any, of my January 25th order overruling certain of the debtor's exemption

7

claims involving the properties addressed by the attached deeds. I note that the debtor, at oral argument, acknowledged the authenticity of those two deeds.

C.

Exhibit B to the defendants' motion contains a copy of the state court ruling that the debtor now contends created a preferential transfer. Specifically, on September 11, 2006, the Michigan state court issued a judgment on three counts of an amended complaint, specifically counts VIII through X, which judgment was in favor of the three parties who are now defendants in this adversary proceeding. In relevant part, the judgment provided:

> 3. Judgment is entered on Counts VIII to X in favor of Plaintiffs and against Defendant has [sic] follows:
>
> A. Plaintiffs shall recover from Defendant, and a Judgment is entered for Plaintiffs against Defendant in the amount of, $1,426,828.00 plus pre-complaint and post-complaint interest, sanctions and taxable costs (Defendant's aforesaid judgment indebtedness is not in addition to but inclusive and in excess of Defendant's judgment indebtedness of approximately $1,125,000 as set forth in the April 20, 2006 Judgment on Jury Verdict).
>
> B. A constructive trust is hereby imposed for the benefit of Plaintiffs on the following assets, as to which Defendant shall do as follows:
>
>> (i) New England Life Insurance policy number 1Y002378 on Defendant's life; Defendant shall cause the owner and beneficiary of the policy to become Plaintiff Rail Underwriting;
>>
>> (ii) A.G. Edwards Accounts Nos. 574-083869-017 and 574-083877-017; Defendant shall cause Plaintiff Rail Underwriting to recover all assets

8

>and the proceeds of all assets ever in those accounts and prevent any withdrawal from those accounts;
>
>(iii) real property described as Unit No. 10001 in the Condominium project known as Sea Colony West, Phase XII Condominium fronting on West Way near Bethany Beach, Baltimore Hundred, in Sussex County, Delaware (parcel no. 1-34-17-48-10001), as more fully described in the document recorded in Book 03731 at pages 292-314 with the Sussex County Recorder Of Deeds; Defendant shall cause his and his wife's interest in same to be transferred to Plaintiff Rail Underwriting; and
>
>(iv) all issued and outstanding stock and all assets (including without limitation a $30,000 interest-bearing promissory note receivable from James Boltz, Sr., and 340 Disney Vacation Club time share units described as an undivided 0.2933% interest in Unit 50A and an undivided 0.4622% interest in Unit 21B of the Disney BoardWalk Villas, a leasehold condominium as recorded in the official records book 5101 page 147 in the public records of Orange County, Florida and more particularly described in instruments numbered 20030175898 and 20030175905 in book 06846 at pages 9740-42 and 0751-53 of Orange County records) of RUSI, Inc., a Nevada corporation; Defendant shall cause the stock and assets to be transferred to Plaintiff Rail Underwriting and shall enable it to designate RUSI, Inc.'s officers and directors.

In addition, the September 11th state court judgment also provided: "This Court makes its findings of fact and conclusions of law those contained in Plaintiff's Proposed Findings of Fact and Conclusions of Law dated May 1, 2006, which are incorporated herein by reference." Ex. B, Judgment on Counts VIII to X of Plaintiffs' First Amended Complaint, ¶ 2. One such finding was that the A.G. Edwards Accounts Nos. 574-083869-017 and 574-083877-017 were titled in the name of RUSI, Inc. on

September 11, 2006. See Ex. B, Factual Findings at 8. The debtor filed his chapter 7 bankruptcy petition on October 10, 2006, less than one month later.

The reasons for the state court's imposition of a constructive trust are also found in Exhibit B. Upon review, it is clear that these findings and conclusions detail improper conduct by the debtor all of which occurred prior to the May 2004 commencement of the Michigan state court litigation.

Finally, Exhibit D to the motion to dismiss contains a copy of the debtor's amended exemption schedule. On this schedule, the debtor claims as exempt under "Delaware Entireties of Law" real estate located in Bethany Beach. He also claims as exempt under Pennsylvania law a "pension plan" worth $193,000. At oral argument, the parties agreed that the pension plan consists of the two A.G. Edwards accounts mentioned above. Therefore, these two accounts and the Bethany Beach realty were included among the assets upon which the Michigan state court imposed a constructive trust in September 2006. The parties further agreed that these two accounts and the realty were the only purported property interests identified on the debtor's amended exemption schedule C that were identified in the September 11, 2006 state court order as being impressed with a constructive trust in favor of the defendants.

II.

As I noted at the outset, in this adversary proceeding, the debtor/plaintiff contends that a preferential transfer occurred on September 11, 2006 when the Michigan state court impressed certain specified properties with a constructive trust. The

defendants argue that a pre-bankruptcy state court order finding that property is held in constructive trust falls outside the scope of the preference provisions of 11 U.S.C. § 547. See, e.g., In re Morris, 260 F.3d 654, 669-70 (6th Cir. 2001). Given the facts alleged in the debtor's complaint and the concessions made by the parties at oral argument, it would be an inappropriate advisory opinion for me to address whether a constructive trust can be a preferential transfer. See generally Coffin v. Malvern Federal Sav. Bank, 90 F.3d 851 (3d Cir. 1996) (bankruptcy courts may not render an advisory opinion).

Section 547(b) states that a "trustee may avoid any transfer of an interest of the debtor in property" that meets the statutory requirements of a preference, whenever the transferee cannot establish any of the affirmative defenses found in section 547(c). But this avoidance power is granted only to a bankruptcy trustee. Unlike a chapter 11 debtor in possession, see 11 U.S.C. § 1107(a), a chapter 7 debtor does not have the avoidance powers of a bankruptcy trustee. See, e.g., In re Higgins, 270 B.R. 147, 153 (Bankr. S.D.N.Y. 2001) (and cases cited); In re Romano, 175 B.R. 585, 596 (Bankr. W.D. Pa. 1994) ("The general rule is that the chapter 7 trustee is the representative of the bankruptcy estate and, as such, is the only person who may bring a preference avoidance action.").

There is a statutory exception to this limitation upon the standing of a chapter 7 debtor to avoid a transfer. See, e.g., In re Higgins, 270 B.R. at 153; In re Romano, 175 B.R. at 596. Congress recognized that a chapter 7 trustee is unlikely to exercise his or her avoidance powers to set aside a transfer to bring property into the bankruptcy estate for distribution to creditors if, after avoidance, the debtor could then

11

claim the recovered property as exempt. See, e.g., Lee v. Schweiker, 739 F.2d 870, 873 n.3 (3d Cir. 1984):

> The trustee in a bankruptcy proceeding acts as a representative of the creditors in pursuing "property of the estate." Where, as here, the trustee does not pursue exempt assets, since they are of no benefit to the creditors, the debtor is empowered to intervene in the proceeding and pursue those assets.

In those circumstances, and subject to certain constraints, Congress empowered chapter 7 debtors to act. See, generally, McLean v. City of Philadelphia, Water Revenue Bureau, 891 F.2d 474, 476 (3d Cir. 1989) (debtor was permitted to use the trustee's avoiding powers under section 544). Those circumstances and constraints are found in sections 522(g) and (h), which state:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550,[2] 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–
>
>> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>>
>> (B) the debtor did not conceal such property; or
>>
>> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.
>
> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have

---

[2]Although section 522(g) does not mention the trustee's avoiding powers under sections 544, 547, 548, or 549, those provisions are brought into the subsection through its reference to section 550. It is section 550(a) that authorizes the recovery of the preferential or other avoided transfer (or its equivalent value).

>  exempted such property under subsection (g)(1) of this
>  section if the trustee had avoided such transfer, if–
>
>  >  (1) such transfer is avoidable by the trustee
>  >  under section 544, 545, 547, 548, 549, or 724(a)
>  >  of this title or recoverable by the trustee under
>  >  section 553 of this title; and
>  >
>  >  (2) the trustee does not attempt to avoid such
>  >  transfer.

One court has combined the requirements of these two subsections into the following matrix:

>  The statutory framework for the debtors' standing to bring a
>  preference action is provided by Sections 522(h), 522(g)(1),
>  and 547(b) of the Bankruptcy Code. Based upon this
>  authority, a Chapter 7 debtor must satisfy the following
>  five-part test:
>
>  >  a. The debtor could have exempted the property
>  >  which is the subject of the alleged preference;
>  >
>  >  b. The transfer would have been avoidable by
>  >  the trustee under Section 547;
>  >
>  >  c. The trustee has not attempted to avoid the
>  >  transfer;
>  >
>  >  d. The transfer was not a voluntary transfer of
>  >  property by the debtor; and
>  >
>  >  e. The property was not concealed by the debtor.

In re Humphrey, 165 B.R. 578, 579-80 (Bankr. D. Md. 1993) (footnotes omitted); accord In re Norcia, 255 B.R. 394, 396 (D. Md. 2000); In re Scott, 260 B.R. 375, 379 (Bankr. D.S.C. 2001); see also In re Ryker, 315 B.R. 664, 671 (Bankr. D.N.J. 2004).

The instant complaint sought to include allegations intended to meet all five requirements for a chapter 7 debtor to assert a preference cause of action. As mentioned earlier though, the parties in this proceeding agree that the only properties that were both

identified by the Michigan state court as being held in constructive trust in September 2006 and also claimed as exempt by the debtor in this chapter 7 bankruptcy case are the two A.G. Edwards accounts—which the debtor claimed as exempt as a pension plan—and the Bethany Beach realty, which was claimed as held by the debtor and his wife as tenants by the entireties. Thus, the debtor could only have standing to assert a preference claim under sections 522(h) and 547 as to those properties. Any other properties impressed with a constructive trust on September 11, 2006 were not claimed by the debtor as exempt.

   Moreover, even as to the Bethany Beach realty and the A.G. Edwards accounts, the debtor's exemption claims as to those properties were just overruled on January 25th, because the realty is titled in the name of SEJ3 Limited Partnership and the A. G. Edwards accounts are titled in the name of RUSI, Inc. A debtor cannot claim as exempt in a chapter 7 case property owned by a non-debtor entity. See, e.g., Fowler v. Shadel, 400 F.3d 1016, 1019 (7th Cir. 2005).

   Therefore, even if I were to assume arguendo that this debtor could establish all of the elements of section 547(b) so that the September 11, 2006 order effected a preferential transfer by imposing a constructive trust on property, he fails to state a claim and could not prevail in this proceeding because he either has not claimed that trust property as exempt, or his exemption claims in the trust property have already been overruled. See, e.g., In re Ealy, 2006 WL 3290949, at *5-*6 (Bankr. N.D. Ill. 2006); In re Moorer, 1994 WL 717959, at *2 (Bankr. D. Id. 1994); In re Humphrey, 165 B.R. at 580-81; In re Coker, 127 B.R. 23 (Bankr. E.D. Ark. 1991). No amendment to the complaint would obviate this statutory defect.

14

Accordingly, this adversary proceeding shall be dismissed. However, this dismissal is solely the result of the limitation on the standing of a chapter 7 debtor to avoid a transfer as preferential, imposed by section 522(h), and does not address whether a prepetition constructive trust can be a preferential transfer.

An appropriate order shall be entered.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JAMES E. BOLTZ, JR. | : | |
| Debtor | : | Bankruptcy No. 06-14623bif |
| JAMES E. BOLTZ, JR. | : | |
| Plaintiff | : | |
| v. | : | |
| LOUIS SCHILLINGER<br>UNITED SHORTLINE INSURANCE<br>SERVICES, INC. and<br>RAIL UNDERWRITING SERVICES<br>INC. | :<br><br>:<br><br>: | Adversary No. 06-0616 |
| Defendants | : | |

................................................

ORDER

................................................

AND NOW, this 29th day of January 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that defendants' motion to dismiss is granted and this adversary proceeding is dismissed.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Raymond M. Patella, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103-6998